# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:10-CR-10-TLS |
| | ) | |
| LEROY D. WILSON, JR. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 56], filed on April 11, 2013. The Defendant, Leroy D. Wilson, Jr., asserts that the mandatory minimum sentence for his offense has been retroactively reduced, and that the proper way to address this change is by way of a § 2255 motion. The Government agrees with the Defendant's assertions.

## BACKGROUND

The Defendant engaged in unlawful activity in January 2010. The Government then charged the Defendant with two violations of 21 U.S.C. § 841(a)(1), distribution of cocaine base crack (Counts 1 & 2), and one violation of 18 U.S.C. § 922(g)(1), for being a convicted felon in possession of a firearm (Count 3). The Defendant entered a plea agreement and plead guilty to Counts 2 and 3. Because the Defendant distributed more than 50 grams of crack cocaine, he agreed to a binding term of imprisonment of 120 months—the statutory minimum. On November 8, 2010, the Court sentenced the Defendant to 120 months of imprisonment. Before his sentence, the Defendant requested retroactive application of the Fair Sentencing Act of 2010 (FSA) to obtain relief from the 120 month statutory minimum. However, the Seventh Circuit subsequently decided, in *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), that the FSA was not

retroactive. The Court sentenced the Defendant in accordance with the plea agreement and the statutory minimum.

Following his sentencing, the Defendant filed a pro se motion seeking a modification or reduction in his sentence. The Defendant was appointed counsel, but his counsel had to file a Notice to the Court indicating that the Defendant was not eligible for a sentence modification under 18 U.S.C. § 3582(c)(2). The Defendant's base offense level was 26 (based on 103.5 grams of crack), with a 2 point enhancement for possession of a weapon and a 3 level reduction for acceptance of responsibility. His adjusted offense level or 25, combined with a criminal history category of I, yielded a Guideline range of 57 to 71 months. However, without retroactive application of the FSA, the Defendant was still subject to the statutory mandatory minimum sentence of 10 years pursuant to U.S.S.G. § 5G1.1(b) and 21 U.S.C. § 841(b)(1), and no changes were made to his sentence.

In 2012, the Supreme Court decided the case of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Court held that Congress intended the more lenient statutory penalties under the FSA to apply to pre-Act offenders who were sentenced after the FSA took effect on August 3, 2010. *Id.* at 2331–35. The Defendant requests that the Court resentence him in accordance with the FSA's new statutory mandatory minimums.

**ANALYSIS**

In its Response to Section 2255 Petition (ECF No. 59), the Government asserts that it is "exercising its discretion not to assert any procedural default, and is agreeing to waive the waiver provision in [the Defendant's] plea agreement for the limited purpose of pursing" a

resentencing with the application of the FSA. (Resp. 4–5.)

A defendant may challenge a sentence if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" when the defendant shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the Supreme Court has now explained, Congress intended to apply the FSA retroactively to defendants sentenced after its enactment. *Dorsey*, 132 S. Ct. at 2326.

The FSA raised the amount of cocaine base required to trigger the statutory minimum sentences. Had the Defendant been sentenced under the terms of the FSA, he would have faced a mandatory minimum sentence of 60 months for distribution of 103.5 grams of cocaine base crack. *See* 21 U.S.C. § 841(b). The Defendant falls squarely within the class of offenders who benefit from retroactive application of the FSA's amendments. In light of the holding in *Dorsey*, the applicable statutory minimum sentence for Count 2 is 60 months. The Government contends that the Defendant "should be resentenced to a term of imprisonment of not less than 60 months." (Resp. 3, ECF No. 59.)

The Defendant's § 2255 Motion, and the Government's Response, indicate that there are no material facts in dispute, and that the Defendant is conclusively entitled to relief. Accordingly, the Court vacates the Defendant's sentence of 120 months of imprisonment on Count 2. Because Count 2 was grouped with Count 3, the Court likewise vacates the concurrent

sentence for Count 3 and sets the judgment aside. *See* 28 U.S.C. § 2255 (stating that, upon granting a § 2255 motion, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"); *see also Rutledge v. United States*, 230 F.3d 1041, 1048 (7th Cir. 2000) (noting that "[t]he word 'sentence' in § 2255 refers to the entire package of terms the defendant receives for his convictions"). The Court will resentence the Defendant on Counts 2 and 3 of the Indictment.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 56]. The Court vacates the Defendant's sentence and sets a telephonic status conference for April 29, 2013, at 1:00 PM before Judge Theresa L. Springmann regarding resentencing. The Court will initiate the call. The Defendant is to remain in the custody of the BOP while awaiting a new sentence.

SO ORDERED on April 24, 2013.

       s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT